IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 15–cv–02352–KMT

COLLETTE L. COOK, an individual,

    Plaintiff,

v.

SUNRISE SENIOR LIVING MANAGEMENT, INC., a foreign (Virginia) corporation licensed to operate in the State of Colorado, and
ATTENTION TO DETAIL, INC., dba Leadbetter Landscaping and Leadbetter Services, a foreign (Nevada) corporation licensed to operate in the State of Colorado,

    Defendants.

## ORDER

This matter is before the court on the "Motion to Remand" (Doc. No. 15, filed Nov. 19, 2015). Defendant Sunrise Senior Living Management, Inc., filed its response and joinder to the motion on December 10, 2015 (Doc. No. 18).

Plaintiff filed her Complaint in the Boulder County District Court on June 15, 2015, asserting a premises liability claim. (*See* Doc. No. 1-1.) Defendant Sunrise Senior Living Management, Inc., filed a Notice of Removal in which it invokes the Court's jurisdiction pursuant to the federal diversity jurisdiction statute, 28 U.S.C. § 1332. (Doc. No. 1.) Plaintiff filed her Motion to Remand arguing Defendant cannot establish the existence of complete diversity between the parties. (Doc. No. 15.)

Federal district courts are courts of limited jurisdiction, and must have both a constitutional and statutory basis for exercising jurisdiction. *See Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006); *Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1164 (10th Cir. 2004). One statutory basis for federal court jurisdiction in civil cases is § 1332, pursuant to which a court exercises "diversity jurisdiction" over state law claims. This statute provides, in pertinent part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" § 1332(a). When a case satisfying these criteria is commenced in a state court, the defendant may move the action to federal court by filing a notice of removal. *See* 28 U.S.C. §§ 1441(a) & 1446. However, statutes which confer federal court jurisdiction—particularly removal statutes—are to be narrowly construed so as to preserve the limited role of federal courts. *See Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094–95 (10th Cir. 2005).

The diversity statute clearly defines the citizenship of corporations for purposes of diversity jurisdiction and removal: "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Defendant Sunrise Senior Living Management, Inc., now concedes that Defendant Attention to Detail's principal place of business is located within Colorado. (*See* Doc. No. 18, ¶ 2.) Thus, because Plaintiff is a Colorado resident (Doc. No. 1-1, ¶ 1), there is not complete diversity of the parties to this action.

It is therefore

**ORDERED** that the "Motion to Remand" (Doc. No. 15) is **GRANTED**.  The Clerk of Court is directed to **REMAND** this action to the Boulder County District Court.

DATED this 15th day of December, 2015.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge